```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF RHODE ISLAND


  * * * * * * * * * * * * * * *    C.R. NO. 15-120JJM
                                *
  UNITED STATES OF AMERICA      *
                                *
       VS.                      *   AUGUST 6, 2018
                                *   10:00 A.M.
  LOUIS MARANDOLA, et al        *
                                *
  * * * * * * * * * * * * * * *    PROVIDENCE, RI


              BEFORE THE HONORABLE JOHN J. McCONNELL, JR.,

                            DISTRICT JUDGE

                          (Restitution Hearing)

  APPEARANCES:
  FOR THE GOVERNMENT:         SANDRA R. HEBERT, AUSA
                              U.S. Attorney's Office
                              50 Kennedy Plaza
                              Providence, RI   02903

  FOR DEFT. MARANDOLA:        JAMES W. RYAN, ESQ.
                              Pannone, Lopes, Devereaux &
                              O'Gara LLC
                              1301 Atwood Avenue, Ste. 215N
                              Johnston, RI   02919

  FOR DEFT. McCAFFREY:        ANTHONY M. TRAINI, ESQ.
                              56 Pine Street, Ste. 200
                              Providence, RI   02903

  FOR DEFT. MARZIALE:         JOSEPH J. VOCCOLA, ESQ.
                              Voccola Law Associates
                              454 Broadway
                              Providence, RI   02909

  FOR DEFT. MOHAMED:          RUI P. ALVES, ESQ.
                              Barton Gilman LLP
                              10 Dorrance Street, Ste. 800
                              Providence, RI   02903


  Court Reporter:             Karen M. Wischnowsky, RMR-CRR
```

```
 1    6 AUGUST 2018 -- 10:00 A.M.
 2         THE COURT:  Good morning, everyone.  We're here
 3    this morning in the case of the United States versus
 4    Louis Marandola, Criminal Action 15-120, and we're here
 5    on the issue of restitution.
 6         Would counsel identify themselves for the
 7    record.
 8         MS. HEBERT:  Sandra Hebert for the United
 9    States.
10         MR. TRAINI:  Anthony Traini for Brian McCaffrey.
11         MR. VOCCOLA:  Your Honor, Joseph Voccola
12    representing Mr. Marziale.
13         MR. KEABLE:  Your Honor, Cale Keable on behalf
14    of Sierra Pacific Mortgage Company.
15         MR. WILDENHAIN:  Chris Wildenhain on behalf of
16    Sierra Pacific Mortgage.
17         MR. RYAN:  Good morning, your Honor.  James Ryan
18    here for Mr. Devereaux in connection with
19    Mr. Marandola.
20         THE COURT:  Great.  Ms. Hebert, why don't you
21    come forward and fill us in on where we are and what's
22    happening.
23         MS. HEBERT:  Yes, your Honor.  So the Defendants
24    that were outstanding after the last hearing as to the
25    question of restitution were Defendant Marandola,
```

1    Defendant McCaffrey and Defendant Marziale.
2         And as I understand it today is that Defendant
3    McCaffrey and Sierra Pacific have reached an agreement,
4    and the other restitution owed with respect to
5    Defendant McCaffrey was the $34,558.76 to the Federal
6    Housing Administration.
7         I believe that Defendant Marziale and Sierra
8    Pacific are still in negotiations but are very close.
9    I can maybe let Mr. Voccola speak to that more
10   precisely.
11        And then there are four other victims to whom
12   Mr. Marziale owes restitution; and that would be the
13   FHA, Mr. Doug Lopez, Mr. Roberto Concepcion and
14   Mr. Luis Sepulveda.
15        And then with respect Defendant Marandola, I
16   spoke to Mr. Devereaux this morning, and he was having
17   difficulty communicating with Defendant Marandola.  He
18   did communicate with him last night.
19        As I understand it, Defendant Marandola and
20   Sierra Pacific have an agreement.  They need to
21   memorialize that agreement, and Mr. Devereaux needs to
22   get Defendant Marandola's agreement to not be here in
23   person.
24        And so he, I believe, was going to have Mr. Ryan
25   ask for an additional two weeks.  I think Mr. Devereaux

1    had a conflict as well this morning, and I told him I
2    would not be opposing his request for another two
3    weeks.
4         THE COURT:  Okay.  Don't go away.  Let's start
5    with Mr. Marandola's motion.
6         Mr. Keable, do you have any objection to the
7    motion to continue Mr. Marandola's restitution hearing
8    for two weeks?
9         MR. KEABLE:  No objection, your Honor.
10        THE COURT:  So that motion will be granted
11   without objection from the Government or from Sierra
12   Pacific.
13        Mr. Keable, are we prepared to put
14   Mr. McCaffrey's restitution agreement --
15        MR. KEABLE:  We are, your Honor.
16        THE COURT:  Why don't you come forward.
17        Mr. Traini, why don't you come forward.
18        Ms. Hebert, why don't you stay with us.
19        MR. TRAINI:  Good morning, your Honor.
20        THE COURT:  Good morning, Mr. Traini.  How are
21   you?  First, has your client waived his right to be
22   present?
23        MR. TRAINI:  He's here, your Honor.
24        THE COURT:  Oh, he's here?
25        MR. TRAINI:  Mr. McCaffrey's in the courtroom.

1      THE COURT: Welcome.

2      MR. TRAINI: Your Honor, we have reached an
3 agreement subject to the other agreement that we worked
4 out with the Government that if we were able to work
5 something out directly with Sierra Pacific, the
6 Government would not object to that. And we now have
7 an agreement.

8      Mr. Keable and I have agreed that the amount of
9 restitution assignable to Mr. McCaffrey with respect to
10 Sierra Pacific will be $85,000. He will be severally
11 liable for that amount.

12     He will not be jointly and severally liable for
13 any other amount payable to Sierra Pacific with anyone
14 else, and Sierra Pacific has agreed also that this will
15 resolve any civil liability that Mr. McCaffrey may have
16 to them with respect to this particular matter. So
17 there won't be any more liability that they will try to
18 attach to him, and probation will deal with the usual
19 collection process.

20     With respect to the FHA $34,558.76, that was the
21 correct figure Ms. Hebert gave you. I think, and Sandy
22 can correct me, but I think Mr. McCaffrey's jointly and
23 severally liable on that one with I think everybody.

24     So that's my understanding of our agreement,
25 your Honor. And if the Government agrees to that and

```
1    Mr. Keable agrees to that, we should be all set.
2           THE COURT:  Any objection, Mr. Keable?
3           MR. KEABLE:  No objection, your Honor.
4           THE COURT:  Any objection, Ms. Hebert?
5           MS. HEBERT:  No, your Honor.
6           THE COURT:  And I think the Court has already
7    made notice that Mr. McCaffrey is present with us, but
8    he's speaking through his attorney having agreed to
9    this.
10          The judgment for restitution against
11   Mr. McCaffrey will be amended such that he will be
12   severally liable to Sierra Pacific in the amount of
13   $85,000 and he will be jointly and severally liable
14   along with all other Defendants named in this case to
15   FHA in the amount of $34,558.76.
16          Anything further?
17          MR. KEABLE:  Thank you, your Honor.
18          MR. TRAINI:  Thank you, your Honor.
19          THE COURT:  Mr. Voccola, do you want to come
20   forward and we can talk about Mr. Marziale.
21          MR. VOCCOLA:  Good morning, your Honor.
22          THE COURT:  Good morning, Mr. Voccola.  How are
23   you?
24          MR. VOCCOLA:  Very well.  Thank you.  I've had
25   the opportunity, your Honor, over the last week or
```

1    couple of weeks to speak to Mr. Keable about resolving
2    what's owed to his client, and I think we're making
3    some progress.
4         Mr. Marziale's family had tried to pull together
5    a certain -- a lump sum.  I made that offer to
6    Mr. Keable, and there's a new offer today.  I spoke to
7    the family again.  And he's going to be bringing that
8    offer back to his client.  We're trying to have a
9    lump-sum payment to extinguish whatever's owed to his
10   client.
11        THE COURT:  Mr. Keable?
12        MR. KEABLE:  That's correct, your Honor.
13   They've made an offer.  Sierra Pacific has countered.
14   They have raised their offer today.  I need to bring
15   that back to my client.
16        There's been a representation that the Defendant
17   is on disability.  I'm sure if Mr. Voccola gives me
18   some evidence of that, that might go a long way to
19   getting my client to agree to take a lump sum now
20   rather than have a larger number later.
21        THE COURT:  Ms. Hebert, I assume that the
22   Government has no objection with the discussions that
23   are going on or the settlement talks between Sierra
24   Pacific and Mr. Marziale as to Sierra Pacific.
25        MS. HEBERT:  No objection, your Honor, but

1   perhaps if the Court and Mr. Voccola's amenable, we
2   could ask -- the Government could ask that the
3   restitution order with respect to the four other
4   victims be entered today; as to the four other victims
5   applicable to Mr. Marziale, that we enter an order
6   today.
7            THE COURT:  What's that amount?
8            MS. HEBERT:  You want me to go through each one?
9   So the FHA --
10           THE COURT:  Let's see -- no need to do it unless
11  we're going to have an agreement.
12           MR. VOCCOLA:  If we could just look at it, your
13  Honor, one moment.
14           THE COURT:  Absolutely.
15           (Counsel confer)
16           MR. VOCCOLA:  No problem, your Honor.
17           THE COURT:  Ms. Hebert, why don't you put on the
18  record what that agreement is as to these Defendants.
19  And then would it make sense for us to continue
20  Mr. Marziale's to the same time as Mr. Marandola's?
21  And we're assuming that both of those will go away
22  because it sounds like agreement, and we'll either do
23  it by -- we'll do it some way or another.
24           Does that make sense as to Mr. Marziale's
25  restitution order as to Sierra Pacific?

```
 1          MS. HEBERT:  Yes, your Honor, as long as it's
 2   okay that we enter the others without Mr. Marziale
 3   present.  His appearance is waived, I believe.
 4          THE COURT:  Does he waive his appearance,
 5   Mr. Voccola?
 6          MR. VOCCOLA:  Yes, he does, your Honor.
 7          THE COURT:  Okay.  Great.  Then why don't you
 8   state what that agreed-to judgment for restitution
 9   amount will be as to which victims.
10          MS. HEBERT:  As to the FHA, joint and several
11   with all other named Defendants, $34,558.76; as to
12   Mr. Doug Lopez, joint and several with Defendant Louis
13   Marandola, amount of $1,351.79; as to Mr. Roberto
14   Concepcion, joint and several with Defendant Marandola,
15   $3,659.14; as to Mr. Luis Sepulveda, joint and several
16   with Defendant Marandola, $3,013.55.
17          THE COURT:  Any objection, Mr. Voccola?
18          MR. VOCCOLA:  No, your Honor.
19          THE COURT:  The judgment and restitution as to
20   Mr. Marziale shall be amended as stated by the
21   Government as to each of those victims.  It will be
22   left open as to Sierra Pacific, and that determination
23   of restitution will be continued for two weeks at the
24   same time as the Sierra Pacific issue as to
25   Mr. Marandola.
```

1          Ms. Hebert, do we have an agreement as to FHA as

2     to Mr. Marandola that can enter or should we just wait

3     and do that at once?

4          MS. HEBERT:  I think we need to wait, your

5     Honor.  I don't feel comfortable representing that

6     Mr. Devereaux and I have an agreement.

7          THE COURT:  Great.  Thank you.

8          Anything further, folks, that we can handle on

9     this matter while we're here?

10          MS. HEBERT:  No, your Honor.

11          THE COURT:  Great.  Thank you, all.  We'll stand

12     adjourned.

13          (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25

# C E R T I F I C A T I O N

I, Karen M. Wischnowsky, RPR-RMR-CRR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

August 10, 2018
Date


/s/ Karen M. Wischnowsky

Karen M. Wischnowsky, RPR-RMR-CRR
Federal Official Court Reporter